UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIN P. JOHANNESEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.05-1874 (JR) |
| | ) |
| FEDERAL RETIREMENT THRIFT | ) |
| INVESTMENT BOARD | ) |
| Defendant. | ) |

FEDERAL DEFENDANT'S MOTION TO DISMISS

The federal defendant by and through the United States Attorney for the District of Columbia respectfully moves pursuant to Rules 12(b)(1), and (6) of the Federal Rules of Civil Procedure, for dismissal of the above captioned civil action. The grounds for dismissal are: the Court lacks jurisdiction over this matter; Plaintiff has failed to set forth a claim for relief. The Court is respectfully referred to the accompanying Memorandum Of Points And Authorities In Support Of Defendant's Motion To Dismiss. A proposed order consistent with this motion is attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238;(202) 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIN P. JOHANNESEN,           )<br>                              )<br>                              )<br>           Plaintiff,        )<br>                              )<br>      v.                      )    Civil Action No.05-1874 (JR)<br>                              )<br>FEDERAL RETIREMENT THRIFT     )<br>INVESTMENT BOARD              )<br>           Defendant.         )<br>_____) | |

DEFENDANT'S MEMORANDUM IN SUPPORT
OF IT'S MOTION TO DISMISS

Plaintiff, Ms. Johannesen, is the non-spousal beneficiary of Richard Rael's Federal Thrift Savings Plan (TSP). On January 3, 2005 Mr. Rael died. Complaint ¶ 2. Ms. Johannesen claims that she has been in a common law marriage with Mr. Rael since 1987. Id. at ¶ 1. However, on his most recent Form TSP-3, Mr. Rael indicates that Ms. Johannesen is a non-spouse beneficiary.[1] Plaintiff claims that Defendant has "wrongly withheld funds from the transfer of the Thrift Savings Plan account." Complaint ¶ 12. However, it is uncontested that Mr. Rael's last beneficiary designation indicated that the Plaintiff was a non-spousal beneficiary, and as such she has received all benefits for which she is eligible. Internal Revenue Code (I.R.C.). § 402(a), 5 U.S.C. § 8424(d). Therefore, the law governing the TSP benefit distribution does not

---

[1] Only a spouse beneficiary can rollover a death benefit into another retirement plan or IRA. See Internal Revenue Code § 402(c)(9), 408 (d)(3). As a consequence, if a beneficiary cannot establish a spousal relationship with the decedent, the I.R.C. precludes Defendant from transferring the TSP benefits as spousal death benefits.

provide Plaintiff a remedy, and Plaintiff fails to state a claim under any theory.  Therefore, this case should be dismissed.

### STATUTORY AND REGULATORY BACKGROUND

**A.     The Federal Employees Retirement System (FERS)**.

In 1986, Congress enacted the Federal Employees' Retirement System Act (FERSA).  See  Pub. L. No. 99-335, 100 Stat. 514 (June 6, 1986)(codified at 5 U.S.C. §§ 8401-79).  FERSA created a new retirement system for all employees who began federal service after December 31, 1983.  See U.S.C. § 8411.  This system is commonly referred to as the Federal Employees' Retirement System (FERS).

FERS provides a three-part retirement benefit package.  First, FERS employees receive a defined-benefit annuity, for which they contribute less than one percent (.8 percent) of their wages each pay period.  5 U.S.C. §§ 8410-25.   Second, FERS retirees receive Social Security benefits for their federal service.  5 U.S.C. § 8403.  Third, FERS employees may participate in the Thrift Savings Plan (TSP) established by the FERSA.  5 U.S.C. §§ 8432.

Under the FERSA, employing agencies must contribute an amount equal to one percent of an employee's pay into TSP each pay period, even if the employee does not otherwise contribute to TSP.  5 U.S.C. § 8432(c)(1)(A).  Employees may contribute up to fifteen percent of their pretax pay to TSP each pay period, subject to applicable tax limitations set forth in section § 402(g) of the I.R.C., 26 U.S.C. § 402(g).  5 U.S.C. § 8432(a).

TSP funds are managed by the Federal Retirement Thrift Investment Board (Defendant).  5 U.S.C. § 8472.  TSP participants may elect to have their contributions invested in one of five different investment funds, with varying degrees of risk associated with each fund.  5

U.S.C. § 8438(c) & (d). Employees who retire or leave federal service can receive, or have their beneficiaries receive, their invested TSP monies in the form of an annuity, a single payment, two or more substantially equal monthly payments, or a transfer to an eligible retirement plan as defined by the Internal Revenue Code. See 5 U.S.C. § 8433-34, 26 U.S.C. § 402(c)(8)(B).

## STANDARD OF REVIEW

### I. MOTION TO DISMISS

A Rule 12(b)(1) or 12(b)(6) motion "tests the legal sufficiency of the complaint." ACLU Foundation of Southern Calif. v. Barr, 952 F.2d 457, 472 (D.C. Cir. 1991). When reviewing such motions, the Court must take the allegations in the non-movant's pleading as true. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sinclair v. Keindienst, 711 F.2d 291, 293 (D.C. Cir. 1983). However, "a court must accept only well-pleaded allegations of fact, it need not 'accept "legal conclusions."'" Taiwo Okusami v. Psychiatric Institute of Washington, Inc., 959 F.2d 1062, 1069 (D.C. Cir. 1992) (Sentelle, J., concurring in part and dissenting in part) (quoting 5A Wright & Miller, Federal Practice and Procedure, § 1357, at 315); see also Henthorn v. Department of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994) ( "the district court 'need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations,'" (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is reviewed under a similar standard. Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). The plaintiff bears the burden of proving jurisdiction. Id.

## ARGUMENT

I.   PLAINTIFF HAS FAILED TO ESTABLISH THE SUBJECT
     MATTER JURISDICTION OF THIS COURT

It is well established that the burden of pleading and proving the jurisdictional basis for a civil action is on the plaintiff. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182 (1936). In determining whether jurisdiction has been established, a court generally is confined to the well-pleaded allegations of the plaintiff's complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1987); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983). Plaintiff, in this case however, does not cite any statutory authority to establish the jurisdictional basis for her claims against Defendant (see generally Compl.).

It is not enough for Plaintiff merely to state that she has been aggrieved. She must identify a cause of action under which she can bring suit. Where the federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) ("a waiver of [sovereign] immunity . . . must be 'unequivocally expressed'"). See also United States v. Nordic Village, 503 U.S. 30, 33-34 (1992); United States v. King, 395 U.S. 1, 4 (1969). Such waivers are construed "strictly in favor of the sovereign." Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); King, 395 U.S. at 4; United States v. Erika, Inc., 456 U.S. 201, 206 n.6 (1982). A party bringing suit against the United States bears the burden to prove that the government has unequivocally waived its immunity. Interstate Bank Dallas, N.A., v. United States, 769 F.2d 299, 303 (5th Cir. 1985); Cominotto v. United States, 802 F.2d 1127, 1129 (9th Cir. 1986); Cole v. United States, 657 F.2d 107, 109 (7th Cir.), cert. denied, 454 U.S. 1083 (1981). In addition, "[o]n a motion to

-5-

dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).

Plaintiff's Complaint does not explain what jurisdictional basis the Court has to award Plaintiff her requested relief against Defendant. Thus, this action fails to comply with the limitations and conditions upon which the Government has consented to be sued.

Accordingly, dismissal of this civil action with respect to Defendant for lack of subject matter jurisdiction is appropriate.

II.   THIS ACTION IS SUBJECT TO DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Even if this Court were to find that it has subject matter jurisdiction over this case, Plaintiff has failed to state a claim upon which relief can be granted. Although not cited by Plaintiff, the FERSA does include a provision that allows FERS participants or beneficiaries, like Plaintiff, to sue in district court "to recover benefits ... under the provisions of subchapter III of this chapter, to enforce any right of such participant or beneficiary under such provisions, or to clarify any such right to future benefits under such provisions." 5 U.S.C. § 8477(e)(3)(C) (i) . This provision vests this Court with jurisdiction to hear claims arising under FERSA. 5 U.S.C. § 8477(e)(3). However, it creates a cause of action that is very limited in scope.

Participants or beneficiaries, like Plaintiff, may only bring suit to recover "benefits" or "rights" under FERSA. Id. FERSA provides that the account balance of a deceased participant "shall ... be paid in a manner consistent with section 8424(d) of [title 5, U.S.C.]." 5 U.S.C. §

8433(e).  Under section 8424(d), the account balance of a deceased participant is paid: "First, to the beneficiary ... designated by the employee ... in a signed or witnessed writing...." 5 U.S.C. § 8424(d).  In this case, Mr. Rael designated Ms. Johannesen to receive his account balance; he stated, on the designation of beneficiary form, that Ms. Johannesen was his "fiancé."  Under the Internal Revenue Code, a payment to a non-spouse beneficiary is subject to tax withholding.  I.R.C. §§ 402(a), 402(c)(9), 408(d)(3).  Therefore, since Defendant will pay Mr. Rael's TSP account balance to Ms. Johannesen, Ms. Johannesen will receive all rights and benefits to which she is entitled under FERSA.

Plaintiff asks this court to issue a declaratory judgment finding that she was in a common law marriage with Mr. Rael.  In so doing, Plaintiff is seeking a "benefit" or "right" not found within FERSA.  FERSA allows for equitable relief in narrowly defined circumstances.  5 U.S.C. § 8477(e)(3)(B)(ii).  The sole source of equitable relief relevant to Plaintiff's complaint is when a TSP fiduciary uses amounts in the Thrift Savings Fund for some purpose other than "**(i)** providing benefits to participants and their beneficiaries," or "**(ii)** defraying reasonable expenses of administering the Thrift Savings Fund."  Id. § 8477(b)(1)(A).[2]   Defendant will provide benefits to Ms. Johannesen as the beneficiary of Mr. Rael's TSP account and will comply with the provisions of the Internal Revenue Code when they make payment to her.  Equitable relief is therefore inappropriate because Defendant will provide Plaintiff with the exact benefit she is due under FERSA.

---

[2] FERSA also allows equitable relief when a TSP fiduciary manages the Fund in a non-prudent manner or without adequate consideration.  5 U.S.C. §§ 8477(b), (c).  Plaintiff has not alleged any fact that would allow relief under these sections.

Because Plaintiff seeks only a declaration of marriage from the Court for purposes of receiving spousal benefits and such relief is not available under FERSA, she cannot state a claim under 5 U.S.C. § 8477 (e)(3)(C)(i).  See Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) (where the federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied;" "a waiver of [sovereign] immunity . . . must be 'unequivocally expressed'"). See also United States v. Nordic Village, 503 U.S. 30, 33-34 (1992);  United States v. King, 395 U.S. 1, 4 (1969).  Such waivers are construed "strictly in favor of the sovereign."  Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); King, 395 U.S. at 4; United States v. Erika, Inc., 456 U.S. 201, 206 n.6 (1982).  A party bringing suit against the United States bears the burden to prove that the government has unequivocally waived its immunity.  Interstate Bank Dallas, N.A., v. United States, 769 F.2d 299, 303 (5th Cir. 1985); Cominotto v. United States, 802 F.2d 1127, 1129 (9th Cir. 1986); Cole v. United States, 657 F.2d 107, 109 (7th Cir.), cert. denied, 454 U.S. 1083 (1981).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).

## CONCLUSION

For the reasons set forth above, this Court has jurisdiction to hear valid claims arising under the FERSA.[3] However, Plaintiff cannot state a claim under the applicable statute. This Court, therefore, does not have jurisdiction to hear Plaintiff's declaratory judgment claims. While Plaintiff may have other venues to seek a change in marital status that may in turn satisfy the prerequisite of proof of marriage,[4] Defendant simply does not have the authority, or capability to provide the Plaintiff with a spousal benefit without conclusive evidence of marriage that overcomes Mr. Rael's last beneficiary designation. For these reasons and those discussed above, this case should be dismissed.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

---

[3] Plaintiff does not allege that this is an Administrative Procedure Act case. Had she done so, declaratory relief would not be available and this Court would have to reject the claim because the FERSA provides an exclusive remedy under its provisions. 5 U.S.C. §§ 702; 8477(e)(3)(C).

[4] For example, if Plaintiff is interested in obtaining a declaratory judgment, she could do so in DC probate court. See Andrade v. Jackson, 401 A.2d 990 (D.C. 1979) (alleged common-law wife of decedent brought action to annul decedent's marriage to another woman as having been void ab initio and declare herself as decedent's lawful widow, appropriate remedy was to transfer the case to the D.C. Probate Division).

                                                          _____

BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
(202) 514-7238;(202) 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov