IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ERIN P. JOHANNESEN,  )
    Plaintiff,  )
    )
v.  )  Docket No.: 05-1874
    )  Hon. Robertson, J. Jr.
FEDERAL RETIREMENT THRIFT  )
INVESTMENT BOARD,  )
    Defendant.  )
**************************************************

## MOTION FOR SUMMARY JUDGEMENT

Pursuant to Federal Rules of Civil Procedure Rule 56, the plaintiff hereby moves for summary judgement in their favor as to the entire complaint for declaratory judgement of common law marriage. Plaintiff motions on the grounds that plaintiff has properly plea the elements of common law marriage, this matter is properly before this Honorable Court and the defendant has failed to establish that a common law marriage did not exist when considering the facts when most favorable to the defense. The Court is respectfully referred to the accompanying *Memorandum of Plaintiff's Notice of Authority for Subject Matter Jurisdiction, Opposition to Defendant's Motion to Dismiss, and Support for Summary Judgement*. A proposed order consistent with this motion is attached.

Respectfully submitted,

/s/ Robert M. McCarthy

ROBERT M. McCARTHY, DC Bar # 409943
Attorney of Plaintiff

_[signature]_
THOMAS P. YOUNG, DC Bar #485602
Attorney of Plaintiff
4405 East West Highway, Suite 201
Bethesda, MD 20814
(301) 654-3730; (301) 654-7924 (Fax)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN P. JOHANNESEN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 05-1874 |
| | ) | Hon. Robertson, J. Jr. |
| FEDERAL RETIREMENT THRIFT | ) | |
| INVESTMENT BOARD, | ) | |
| Defendant. | ) | |

*********************************************

**MEMORANDUM OF PLAINTIFF'S NOTICE OF AUTHORITY FOR SUBJECT MATTER JURISDICTION, OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, AND SUPPORT FOR SUMMARY JUDGEMENT**

1. **Authority for Subject Matter Jurisdiction**

    The plaintiff's authority for subject matter jurisdiction arises out of 5 U.S.C. §§ 8477(e)(3)(C)(i) of the which states:

    [A civil action may be brought in the district court of the United States—] to recover benefits of such participant or beneficiary under the provisions of subchapter III of this chapter, to enforce any right of such participant or beneficiary under such provisions, or clarify any such right to future benefits under such provisions[.]

    First, this matter was transferred into the Federal District Court by federal defense motion from the District of Columbia Superior Court and its separate court rules. Now, the defendant claims a failure of subject matter jurisdiction in the federal courts after removal of the complaint. This complaint is before the federal courts by motion of the defendant.

    The defendant must not be permitted to dismiss this action as the federal court has proper subject matter jurisdiction. The plaintiff's claim falls squarely under the meaning of 5 U.S.C. §§ 8477(e)(3)(C)(i). The plaintiff is a beneficiary seeking to clarify her marital rights to future

Page 3

benefits as provided by the defendant. This claim falls squarely under the meaning of 5 U.S.C. §§ 8477(e)(3)(C)(i).

2.  **Opposition to Defendant's Motion to Dismiss**

On the death of a Member of the defendant's plan, beneficiaries are paid lump-sum according a higharchy laid out in 5 U.S.C. §§ 8424(d), which reads in part:

> First, to the beneficiary or beneficiaries designated by the employee of Member in a signed and witnessed writing received in the Office before the death of such employee or Member...
> Second, if there is no designated beneficiary, to the widow or widower of the employee or Member...

Since Mr. Rael, the deceased Member at issue, designated the plaintiff his "fiance" on the designation of beneficiary form, the defense asks the court to dismiss the plaintiff's claim as the defendant is willing to pay non-spouse benefits (i.e. with tax withholdings). This line of reasoning overlooks the process of forming a common law marriage in the District of Columbia and denies the plaintiff full rights as a surviving spouse (i.e. tax free surviving spouse transfer).

A common law marriage requires the passage of time while cohabitation in good faith after an express, mutual, present intent and agreement to be husband and wife. *Johnson v. Young*, 374 A.2d 992, 994 (D.C. App. 1977) The plaintiff and Mr. Rael declared their intent to be married on August 1, 1987. See *Complaint* ¶ 1. On January 3, 2005, Mr. Rael died an untimely death. See *Complaint* ¶ 2 & *Complaint Exhibit 1*. The "fiance" designation was made on December 3, 1996. See *Complaint, Exhibit 9*. After nearly ten years of holding themselves out as married, Mr. Rael filed his "fiance" beneficiary designation, perhaps in light of the understandable uncertainly that the holding out period of common law marriages present. This designation not should be viewed as prima facie evidence against a common law marriage

considering the other evidence of marriage presented in the complaint.

The defense's line of reasoning in deeming the beneficiary designation conclusive evidence of marriage would also deny the plaintiff benefits as a spouse had she obtained a marriage by license after the Member designated the plaintiff his "fiance." To argue otherwise would deny common law spouses due process and equal protection of the laws as required by the fourteenth amendment of the U.S. Constitution.

The court has authority to grant equitable relief of common law marriage. Equitable relief is granted under 5 U.S.C. §§ 8477(e)(3)(B)(ii):

[for a beneficiary] to obtain any appropriate equitable relief to redress a violation of any such provision[.]

Courts orders are the only means of documenting common law marriage, as by definition of common law marriage no license has been obtained. The plaintiff identifies the D.C. Superior Court sitting as a Probate court as having the power to produce such orders. However, plaintiff does not seek a court order against Mr. Rael's estate, but rather a court order against the defendant to compel payment of spouse beneficiaries. In spite of the defense's narrow reading of 5 U.S.C. §§ 8424(d), this complaint is properly before this court and should not be dismissed.

3.   **Motion for Summary Judgement**

Under Fed. R. Civ. P. 56 summary judgement is proper and should be granted in favor of the plaintiff. The plaintiff has satisfied the elements of a common law marriage. Namely: (1) "an express, mutual, present intent and agreement to be husband and wife"; "followed by" (2) "cohabitation in good faith" See *Jackson v. Young*, 546 A.2d 1009 (D.C. App. 1988), quoting *Johnson v. Young*, 374 A.2d 992, 994 (D.C. App. 1977) The plaintiff cohabited continuously and

Page 5

uninterrupted with the Mr. Rael since August 1, 1987. Mr. Rael's former wife, children and longtime friends attest to the formation and continuation of the common law marriage. *See Complaint.*

The defendant's only substantive evidence against a common law marriage is the Member having designated the plaintiff his "fiance" on a single form about eight years before the Members death. Even viewing this fact in a light most favorable to the defendant, this form designation should not override the reality of the almost two decades long relationship the plaintiff and now deceased Member had established as husband and wife, or ignore the nearly eight years after this designation for the common law marriage to ripen.

The granting of summary judgement in favor of the plaintiff, and the declaration of a common law marriage between Erin P. Johannesen and Richard E. Rael is proper.

Respectfully submitted,

_____
ROBERT M. McCARTHY, DC Bar # 409943
Attorney of Plaintiff

_____
THOMAS P. YOUNG, DC Bar # 485602
Attorney of Plaintiff
4405 East West Highway, Suite 201
Bethesda, MD 20814
(301) 654-3730; (301) 654-7924 (Fax)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ERIN P. JOHANNESEN,  )
    Plaintiff,  )
    )
v.  )  Docket No.: 05-1874
    )  Hon. Robertson, J. Jr.
FEDERAL RETIREMENT THRIFT  )
INVESTMENT BOARD,  )
    Defendant.  )
*********************************************

ORDER

Upon consideration of the plaintiff's Motion for Summary Judgement and Memorandum in Support thereof, defendant's Motion to Dismiss and Memorandum in Support thereof, and the entire record in this case, it is hereby

ORDERED that plaintiff's motion for Summary Judgement is GRANTED, with prejudice;

ORDERED the plaintiff ERIN P. JOHANNESEN and RICHARD E. RAEL were married in common law under the laws of the District of Columbia as of January 3, 2005, the day of Richard E. Rael's death.

Dated this _____ day of _____, 200__.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

Copies to:
Benton Peterson
Assistant US Attorney
555 Fourth Street, NW, Room 10-108
Washington, DC 20001

Robert McCarthy
Thomas P. Young
4405 East West Highway, Suite 201
Bethesda, MD 20814

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing copies of Motion for Summary Judgement and Memorandum of Plaintiff's Notice of Authority for Subject Matter Jurisdiction, Opposition to Defendant's Motion to Dismiss, and Support for Summary Judgement was mailed first class postage prepaid on this ___12___ day of December, 2005 to:

Benton Peterson
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N. W. - Civil Division
Washington, DC 20530

_____
ROBERT M. McCARTHY