UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIN P. JOHANNESEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.05-1874(JR) |
| | ) |
| FEDERAL RETIREMENT THRIFT | ) |
| INVESTMENT BOARD | ) |
| Defendant. | ) |
| _____ | ) |

### FEDERAL DEFENDANT'S RESPONSE TO "PLAINTIFF'S NOTICE OF AUTHORITY FOR SUBJECT MATTER JURISDICTION, OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, AND SUPPORT FOR SUMMARY JUDGEMENT"

I. PLAINTIFF HAS FAILED TO ESTABLISH THIS COURT'S SUBJECT MATTER JURISDICTION

Plaintiff's Complaint does not explain what jurisdictional basis the Court has to award Plaintiff her requested relief against Defendant. Nothing in Plaintiff's response contradicts this fact. Plaintiff claims in her response that this Court has jurisdiction pursuant to 5 U.S.C. § 8477(e)(3)(C)(i) (FERSA).[1] Yet, the fact remains that Plaintiff's complaint, which has been before this Court for over two months, has not been amended and still fails to establish this Court's jurisdiction. The fact also remains unchallenged that "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the Plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).

---

[1] However, as explained in Defendant's Motion to Dismiss, in so doing, Plaintiff is seeking a "benefit" or "right" not found within FERSA. FERSA allows for equitable relief in narrowly defined circumstances. 5 U.S.C. § 8477(e)(3)(B)(ii). Thus, this action fails to comply with the limitations and conditions upon which the Government has consented to be sued.

II. THE CONDUCT OF MR. RAEL DEMONSTRATES THAT THE PLAINTIFF AND MR. RAEL NEVER MUTUALLY EXPRESSED THEIR PRESENT INTENT TO BE HUSBAND AND WIFE

The parties agree that "[t]o establish a common-law marriage in the District of Columbia, there must be an express mutual present intent to be husband and wife, followed by good faith cohabitation." Johnson v. Young, 372 A.2d 992, 994 (D.C. App. 1977). The undisputed evidence demonstrates only that Plaintiff and Mr. Rael cohabitated from August 1, 1987, until Mr. Rael's death. In dispute is whether the evidence demonstrates that the Plaintiff and Mr. Rael also had an "express, mutual, present intent to be husband and wife." Id.

Plaintiff states that "[t]he plaintiff and Mr. Rael declared their intent to be married on August 1, 1987." See "Memorandum of Plaintiff's Notice of Authority for Subject Matter Jurisdiction, Opposition to Defendant's Motion to Dismiss, and Support for Summary Judgment" at 4 (Plaintiff's Memorandum). This assertion is supported solely by Plaintiff's affidavit. See Complaint, exhibit 2. However, on December 3, 1996, Mr. Rael signed and filed a Form TSP-3, "Designation of Beneficiary," with the Federal Retirement Thrift Investment Board. On that form, Mr. Rael designated Plaintiff to receive 100 percent of his Thrift Savings Plan account in the event of his death. Rather than stating that Plaintiff was his "wife," Mr. Rael stated that Plaintiff was his "fiancee." See Plaintiff's Memorandum at 6 ("The defendant's only substantive evidence against a common law marriage is [Mr. Rael] having designated the Plaintiff his 'fiance' on a single form about eight years before his death.").

Plaintiff argues that "this form designation should not override the reality of the almost two decades long relationship the Plaintiff and now deceased Member had established as husband and wife, or ignore the nearly eight years after this designation for the common law marriage to ripen." Plaintiff's Motion at 6. Plaintiff cites the case of Jackson v. Young, 546 A.2d 1009, (D.C. App. 1988) at page 5 of Plaintiff's motion. The ruling of Jackson defeats Plaintiff's argument.

The issue in Jackson was the existence of an "express, mutual, present intent to be husband and wife." Id. at 1010. The decedent in Jackson had referred to Plaintiff on one or two occasions as his wife. Id. Plaintiff also stated that they referred to each other as man and wife and that the decedent had given her a wedding ring. Id. However, the decedent signed and filed an insurance form describing the Plaintiff as his fiancée. Id. The Court determined the insurance form was relevant to show that decedent did not believe that he was married to Plaintiff and afforded greater weight to the decedent's filing the form than to the other evidence. Id. at 1010, 1012. The Court went on to affirm the trial Court's holding that a common law marriage had not been established because the facts did not establish "an express mutual agreement existed to support a finding of common-law marriage...." Id. at 1011.

In the instant case, the only evidence of an agreement to marry is the affidavit of Plaintiff. There is no evidence that Mr. Rael ever gave Plaintiff a wedding ring or that he referred to Plaintiff as his wife. Additionally, like the decedent in Jackson, Mr. Rael stated on a designation of beneficiary form that Plaintiff was his fiancée. This demonstrates that Mr. Rael and Plaintiff had not agreed they were married in 1987, because in 1996, Mr. Rael still considered Plaintiff to be simply his fiancée.

The Court in Jackson gave the decedent's statement on the insurance form greater weight than the contradictory statements and acts of the decedent and found no common-law marriage. There is no evidence of any contradictory act or statement of Mr. Rael regarding an agreement to marry. Thus, the Court should give even greater weight to Mr. Rael's statement on the TSP designation of beneficiary form. The Court should, therefore, deny Plaintiff's request for summary judgment finding a common law marriage.

### III. BECAUSE PLAINTIFF AND MR. RAEL NEVER ENTERED INTO AN AGREEMENT TO BE MARRIED, THE COURT SHOULD GRANT DEFENDANT'S MOTION TO DISMISS

Plaintiff asserts that after Mr. Rael signed and filed the beneficiary designation form, the relationship could subsequently "ripen" into a common law marriage. See Plaintiff's Motion at 6. This assertion is erroneous. "Meretricious cohabitation alone ... has never been sufficient to establish a valid common law marriage either in this or any other jurisdiction still recognizing such a relationship." See Marcus v. Director, Office of Workers' Compensation Prog., 548 F.2d 1044, 1047-48 (D.C. Cir. 1976). Instead the cohabitation must be preceded by "an express mutual present intent to be husband and wife." Johnson v. Young, 372 A.2d 992, 994 (D.C. App. 1977).

Other than the alleged agreement to marry in 1987 that is rebutted by Mr. Rael's 1996 designation of beneficiary, Plaintiff has offered no evidence that she and Mr. Rael mutually expressed their present intent to be husband and wife. Since Plaintiff has failed to assert any facts of such an agreement after Mr. Rael filed his designation of beneficiary form in 1996, the Court should grant defendant's motion to dismiss. Johnson v. Young, 372 A.2d 992, 994 (D.C. App. 1977).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.Civil Division
Washington, D.C.  20530
(202) 514-7238;(202)514-8780(Facsimile)
Benton.Peterson@usdoj.gov